**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jonathan MAYTORENA–GALEANA,**
**Defendant–Appellant.**

No. 05–50956.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 13, 2006.

Becky S. Walker, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Douglas F. McCormick, Esq., USSA—Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

courts of this circuit except as provided by 9th Cir. R. 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM \*\*

Jonathan Maytorena–Galeana appeals his 41–month sentence imposed following his conditional guilty plea to being found in the United States after illegal re-entry, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Maytorena–Galeana first contends that the district court violated his constitutional rights by imposing a sentence in excess of the two-year maximum set forth in 8 U.S.C. § 1326(a) based on a prior conviction that was neither proved to a jury nor admitted during the plea colloquy. This contention is foreclosed by *United States v. Beng–Salazar*, 452 F.3d 1088, 1091 (9th Cir.2006). Moreover, in his plea agreement and at the plea colloquy, Maytorena–Galeana admitted that he had been deported on April 8, 2002, which was subsequent to his January 17, 2001 drug conviction.

Maytorena–Galeana next contends that the district court erred by denying his motion to suppress, under *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), two warrants of removal/deportation and a certificate of nonexistence of record ("CNR"). As Maytorena–Galeana concedes, this contention is foreclosed by *United States v. Bahena–Cardenas*, 411 F.3d 1067, 1074–75 (9th Cir. 2005), *cert. denied*, —— U.S. ——, 126 S.Ct. 1652, 164 L.Ed.2d 398 (2006) (war-

rant of deportation), and *United States v. Cervantes–Flores,* 421 F.3d 825, 830–34 (9th Cir.2005), *cert. denied,* — U.S. ——, 126 S.Ct. 1911, 164 L.Ed.2d 668 (2006)(CNR).

Maytorena–Galeana lastly contends that the district court's condition of supervised release requiring him to report to the probation officer within 72 hours of re-entry into the United States, coupled with the requirement to answer truthfully all inquiries by his probation officer, violates his Fifth Amendment rights. This contention is foreclosed by *United States v. Rodriguez–Rodriguez,* 441 F.3d 767, 772–73 (9th Cir.2006); *cf. United States v. Saechao,* 418 F.3d 1073, 1077–82 (9th Cir.2005) (affirming suppression of inculpatory responses to probation officers' inquiries).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.